**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN NANCE,

Defendant - Appellant.

---

No. 09-50314

D.C. No. 2:08-cr-00795-RGK-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 6, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, WARDLAW, Circuit Judge, and SINGLETON,
Senior District Judge.[**]

John Nance appeals his conviction for possession of child pornography in

violation of 18 U.S.C. § 2252A(a)(5)(B) and challenges his sentence on both

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

procedural and substantive grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court did not err in denying Mr. Nance's motion to suppress. Because Mr. Nance was not in custody at the time of his interrogation, there was no requirement that the agents read him his *Miranda* rights. *See United States v. Brobst*, 558 F.3d 982, 995 (9th Cir. 2009). A reasonable person in Mr. Nance's position would have felt free to terminate the encounter with the law enforcement agents, given the totality of the circumstances. *See United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). After law enforcement agents asked if they could speak with him, Mr. Nance invited them into his trailer and agreed to answer questions. At no point did the agents effect a "police-dominated" atmosphere. *Id.* at 1084. The tone of the questioning was open and cordial; the agents never brandished the weapons concealed beneath their windbreakers, or confronted Mr. Nance with evidence of his guilt. *See United States v. Bassignani*, 575 F.3d 879, 884–85 (9th Cir. 2009). Mr. Nance wasn't placed in handcuffs or otherwise physically restrained or threatened. *Id.* at 886; *Brobst*, 558 F.3d at 996. Moreover, the agents took no action to isolate Mr. Nance or apply any pressure on him to confess. *Craighead*, 589 F.3d at 1086–87.

The district court did not abuse its discretion in imposing a 60 month sentence. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). Mr. Nance employed file sharing software to actively search out over a thousand pictures and videos—many depicting men engaged in explicit sexual acts with prepubescent children. The district court recognized the seriousness of the offense and committed no procedural error in imposing the enhancements called for by the Guidelines. *See United States v. Blinkinsop*, 606 F.3d 1110, 1117–18 (9th Cir. 2010). To the extent that Mr. Nance's age, health, lack of criminal history, and acceptance of responsibility mitigate the seriousness of the crime, the district court expressly and reasonably considered these factors by imposing a sentence 18 months below the low end of the advisory Guidelines range.

**AFFIRMED.**